**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| KATIE F. WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | Case No. 2:15–cv–1791–RCJ–VCF<br><br>**ORDER**<br><br>MOTION FOR A PROTECTIVE ORDER (DOC. #13); MOTION TO COMPEL DEPOSITION TESTIMONY AND SANCTIONS (DOC. #15); MOTION TO COMPEL INTERROGATORY ANSWERS (DOC. #16); MOTION TO COMPEL REQUEST FOR ADMISSIONS (DOC. #17); MOTION TO COMPEL REQUEST FOR PRODUCTION ANSWERS (DOC. #18); MOTION FOR A PROTECTIVE ORDER (DOC. #35). |

   This matter involves Plaintiff Katie F. Wilson's civil action against Wal-Mart Store, Inc.  Before the court are six discovery motions.[1]  The motions are listed in the order in which they were filed:

   1. Wal-Mart's Motion for Protective Order (Doc. #13), Wilson's response (Doc. #19), and Wal-Mart's reply (Doc. #32).

   2. Wilson's Motion to Compel Deposition Testimony and Sanctions (Doc. #15), Wal-Mart's response (Doc. #26), and Wilson's reply (Doc. #33).

   3. Wilson's Motion to Compel Interrogatory Answers (Doc. #16), Wal-Mart's response (Doc. #27), and Wilson's reply (Doc. #39).

   4. Wilson's Motion to Compel Request for Admissions (Doc. #17), Wal-Mart's response (Doc. #24), and Wilson's reply (Doc. #40).

---

[1] Each of Wal-Mart's responses to Wilson's motions to compel argues that Wilson failed to meet and confer in good faith pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 26-7(b).  After reviewing the parties' correspondence, the court is satisfied that Wilson met her meet and confer obligations under Rule 37 and Local Rule 26-7(b) before bringing the instant motion.  (Doc. #13-2).

1

     5.     Wilson's Motion to Compel Request for Production Answers (Doc. #18), Wal-Mart's response (Doc. #25), and Wilson's reply (Doc. #38).

     6.     Wal-Mart's Motion for Protective Order (Doc. #35).

## I. BACKGROUND

The instant motions arise from the parties' discovery disputes regarding Wilson's "slip and fall" incident at a Las Vegas area Wal-Mart store. Wilson alleges that Wal-Mart failed to warn her about a water spill which allegedly caused her injury. As part of discovery, Wilson wishes conduct a videotaped inspection of the Wal-Mart store where she suffered her injury. The parties were unable to agree on the parameters of Wilson's inspection. Wal-Mart now moves for a protective order that limits Wilson's inspection area and bars Wilson from videotaping the requested inspection.

The parties also noticed depositions and exchanged written discovery. Wilson now moves to compel the following discovery responses: (1) deposition testimony from Wal-Mart employees who failed to appear at noticed depositions, (2) interrogatory answers, (3) requests for admissions, and (4) production of requested documents.

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). When the court determines whether discovery is proportional to the needs of the case, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Id.*

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "This motion may be made if: (i) a deponent

fails to answer a question asked under Rule 30 or 31 … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(i)-(iv).

### III. DISCUSSION

The parties present five issues: (1) whether the scope of Wilson's inspection of the incident site should be limited, (2) whether Wal-Mart must produce its employees for oral depositions, (3) whether Wal-Mart must answer Wilson's interrogatories, (4) whether Wal-Mart's answers to Wilson's requests for admission are sufficient, and (5) whether Wal-Mart must produce requested documents. Each issue is discussed below.

1.  <u>Wal-Mart's Motion For a Protective Order Is Granted in Part and Denied in Part</u>

Wal-Mart seeks a protective order to bar Wilson from videotaping her inspection of the Wal-Mart store where she fell and to limit the area around the incident site that Wilson may inspect.[2] For the reasons stated below, Wilson may videotape her inspection, but her inspection is limited to the aisle where the incident occurred.

"A party may serve on any other party a request within the scope of Rule 26(b) … to permit entry onto designated land or other property possessed or controlled by the responding party, so the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." FED. R. CIV. P. 34(a)(2).

---

[2] Wal-Mart does not object to Wilson's inspection of the incident site. (Doc. #13 at 7).

"[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … specifying terms, including time and place or allocation of expenses, for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B).

"[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C)(iii).

   a.   *Wilson May Videotape Her Inspection*

A party may videotape his site inspection, if the benefit of the videotape to the inspecting party outweighs the burden on the inspected party. *See Hofmann v. Fifth Generation, Inc.*, Case No. 14-cv-2569-JM-JLB, 2015 WL 7582425 at* 3 (S. D. Cal. Nov. 25, 2015); *see also Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 658-59 (C. D. Cal. 2005). The court may tailor the parameters of a party's videotaped inspection in order to protect the interests of third parties. *See Keith H.*, 228 F.R.D. at 660 (ordering that plaintiff's videotaped inspection take place on a non-school day, when no students were present, and that the videotape not identify any students).

Wal-Mart's request that Wilson's inspection not be videotaped is denied. Wilson's claim and Wal-Mart's defenses center on the visibility of the water spill that allegedly caused Wilson's injury. A videotape of the inspection may help the jury to view the incident area from Wilson's perspective, to determine if Wilson should have seen the spill, and the Wal-Mart employees' perspective, to determine the reasonableness of their inspection. A videotape may help as it creates a record of Wilson's experts' inspection for the benefit of both parties.

Wal-Mart advances three arguments in support of its position that Wilson's inspection should not be videotaped: (1) the burden on Wal-Mart of a videotaped inspection outweighs any benefit that may be derived from Wilson's videotape, (2) Wal-Mart's surveillance camera footage is sufficient video

4

evidence to aid the jury understand the issues in this action, and (3) Wilson's videotaped inspection will violate the privacy rights of Wal-Mart's customers. Wal-Mart's arguments are unpersuasive.

Wal-Mart relies on *Hofmann v. Fifth Generation, Inc.*, to argue that Wilson's videotaping places a significant burden on Wal-Mart; a burden that outweighs the benefits that Wilson's videotape could provide. 2015 WL 7582425 at* 3. In *Hofmann*, the plaintiff sought to videotape his inspection of defendant's alcohol distillery to support his class certification motion. *Id.* The *Hofmann* court held that the: (1) risk of harm to participants while videotaping in an industrial alcohol distillery, (2) risk of disclosure of defendant's trade secrets, and (3) the burden of accommodating a videotaped inspection in an area where the general public was not allowed, outweighed any benefit the videotape would have for plaintiff's class certification motion. Here, none of the *Hofmann* factors are present; Wal-Mart is a retail store, Wilson wishes to videotape an area where the general public regularly travels, and the participants will likely not face conditions that would require Wal-Mart to safeguard them during their videotaped inspection. Wilson's videotape, unlike the videotape in *Hofmann*, relates to a central issue in this action, Wal-Mart's alleged negligence. Wal-Mart's argument that the burden of videotaping will outweigh the benefit is unpersuasive.

Wal-Mart next argues that its surveillance camera footage from the date the incident occurred is a sufficient substitute for Wilson's proposed videotape. The court disagrees; while Wal-Mart's security camera footage provides an overview of Wilson's fall and the surrounding circumstances, Wilson's videotape may provide a first-person perspective of the incident and a record of Wilson's inspection. Wal-Mart's authority in support of its security camera footage argument is distinguishable. In *Jones v. General Growth Properties, Inc.*, the plaintiffs sought to reenact and videotape their escalator-related injuries on the defendant's property. Case No. 11-681-SDD-RLB, 2013 WL 2948151 at* 4 (M. D. La. June 14, 2013). The *Jones* court held that "the burden and potential liability placed on Defendants by

allowing a reenactment of the incident on Defendant's property significantly outweighs Plaintiffs' need to create a reenactment video." *Id.* The *Jones* plaintiffs, moreover, possessed a copy of the security camera footage of their incident, which rendered plaintiffs' reenactment video unnecessary. *Id.* Here, Wilson does not seek to reenact her fall, which Wal-Mart's security camera footage depicts, but rather to create a record that will allow the jury to view the incident from Wilson's perspective and the perspective of the Wal-Mart employee who inspected the area. Wal-Mart's argument that its security camera footage is a sufficient substitute for Wilson's videotape is unpersuasive.

Wal-Mart also argues that Wilson's videotape will violate the privacy interests of its customers. The court may tailor the parameters of Wilson's videotaped inspection is conducted in order to protect privacy interest of Wal-Mart's customers. *See Keith H.*, 228 F.R.D. at 660. Here, the court is able to protect the privacy interests of Wal-Mart's customers by ordering that Wilson conduct her videotaped inspection at a time when the Wal-Mart store is not busy and to edit her videotape in a manner that will prevent the identification of Wal-Mart's customers.

                b.      *Wilson May Inspect the Entire Aisle Where The Incident Occurred*

Wal-Mart's request to limit the scope of Wilson's inspection area is granted. For the reasons stated below, Wilson's inspection is limited to the aisle in which her incident occurred.

Wal-Mart contends that Wilson's inspection should be limited to a ten-foot area around the site of the incident with extensions out to areas where Wilson can be seen traveling in the surveillance video. Areas outside of Wal-Mart's proposed scope of inspection are relevant to Wilson's claim. Wilson alleges that Wal-Mart's inspection of the incident area was inadequate and Wal-Mart should have discovered, and warned Wilson, about the water spill. In support of her claim, Wilson contends that security camera footage shows that a Wal-Mart employee swept the aisle where the incident occurred

eleven minutes before the incident, but failed to detect the spill.  An inspection of the entire aisle is relevant to determine whether Wal-Mart's inspection was reasonable.

Wal-Mart also contends that an inspection of areas beyond the ten-foot area it proposes is not proportional to the needs of the case.  An inspection of the aisle in which Wilson's fall occurred, however, is proportional to the needs of the case.  The following three proportionality factors weigh in favor of an of the aisle where the incident occurred: (1) whether Wal-Mart's inspection of the aisle prior to Wilson's fall was reasonable is a central issue in this action, (2) Wal-Mart controls the area to be inspected, and (3) an inspection of the aisle is likely to elicit information that will help determine whether Wal-Mart's employees should have seen the water spill.  An inspection of the aisle where Wilson fell is thus proportional to the needs of this action.

2. <u>Wilson's Motion to Compel Deposition Testimony is Granted</u>

"If the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the party whose deposition is noticed to move for a protective order." *Anoruo v. Shinseki*, Case No. 2:12-cv-1190-JCM-GWF, 2013 WL 4546795 at* 2 (D. Nev. August 27, 2013).  "Absent a protective order or an order staying the deposition, the party to be deposed is required to appear for a properly noticed deposition." *Id.*  "The noticed party does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court." *Id.*

Wilson's motion to compel deposition testimony from Wal-Mart employees Maria Villalba and Vermaries Simmons is granted.  Wilson properly noticed Villalba's and Simmons' depositions for January 5, 2016.  Wal-Mart objected to the noticed deposition date and counsel for both parties attempted to reschedule the two deposition.  By December 31, 2015, Wilson informed Wal-Mart that she would not reschedule the noticed employee deposition and would notice a non-appearance if Villalba and Simmons did not appear for their January 5 depositions.

At this juncture, Wal-Mart should have sought a protective order from the court; instead Wal-Mart failed to produce Villalba and Simmons for their depositions. Wal-Mart may not: (1) fail to move for a protective order, (2) fail to produce its employees for their properly noticed depositions, and (3) now argue that Wal-Mart should not be compelled to produce its employees for deposition because Wilson refused to reschedule the noticed deposition in order to accommodate Wal-Mart's counsel's schedule. The court orders Wal-Mart to produce Villalba and Simmons for deposition on or before March 15, 2016.

       3.      <u>Wilson's Motion to Compel Interrogatory Answers is Granted.</u>

Wilson moves to compel answers to her Interrogatories No. 1, 4, 11, 12, and 13. For the reasons state below, Wilson's motion is granted.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." FED. R. CIV. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4).

"Boilerplate, generalized objections are inadequate and tantamount to making no objection at all." *Collins v. Landry's Inc.*, Case No. 2:13-cv-1674-JCM-VCF, 2014 WL 2770702 at* 3 (D. Nev. June 17, 2014).

"Answers to interrogatories must be complete, explicit and responsive." *Nat'l Union Fire Ins. Co. v. Sharp Plumbing*, Case No. 2:09-cv-783-GMN-GWF, 2012 WL 2502748 at* 2 (D. Nev. June 27, 2012). An interrogatory may not be answered by referencing information contained in declarations,

8

pleadings, or other discovery responses. *Id.* (ordering party to supplement its interrogatory answers when the party's original answers referred to declarations and other discovery responses).

Each response to Wilson's interrogatories follow as similar pattern, a paragraph of boilerplate objections is followed by a short paragraph responsive to Wilson's interrogatories. As a preliminary matter, Wal-Mart's objections to Wilson's interrogatories are overruled. Wal-Mart's boilerplate objections consist of stock language that are, at best, minimally tailored to Wilson's individual interrogatories. Because Wal-Mart's objections may not serve as grounds to withhold answers, the court will focus on the adequacy of Wal-Mart's answers.

      a.    *Interrogatories No. 1, 4 and 11*

Wal-Mart's response to Interrogatories No. 1, 4 and 11 as follows, "[p]lease see Wal-Mart's Initial Disclosures." Wal-Mart then directs Wilson to a series of Bates numbers where responsive information is located. Wal-Mart must clearly set forth information responsive to Wilson's interrogatories, Wal-Mart may not simply refer Wilson to its initial disclosures. Wal-Mart is ordered to serve proper responses to Interrogatories 1, 4 and 11.

      b.    *Interrogatory No. 12*[3]

Interrogatory No. 12 asks "when the subject area was last inspected or maintained prior to Plaintiff's fall and the first time it was repaired, inspected or maintained after Plaintiff's fall." Wal-Mart answered as follows: "[a]t approximately 4:06 p.m. (eleven minutes before the alleged incident), maintenance associate Maria Villalba swept the area of the incident with a dry mop." Wal-Mart's

---

[3] Wal-Mart also objects to Interrogatory No. 12 on the ground that it seeks information about subsequent remedial measures in violation of Federal Rule of Evidence 407. "Information within [the] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Wal-Mart's objection that Interrogatory No. 12 seeks information about subsequent remedial measures is overruled.

9

answer is incomplete as Wal-Mart does not explain what occurred after Wilson's fall. Wal-Mart is ordered to serve a complete response to Interrogatory No. 12.

        c.     *Interrogatory No. 13*[4]

Interrogatory No. 13 asks "[p]lease identify all Wal-Mart employees seen in the surveillance video after the fall and generally describe their actions." Wal-Mart answered by reference to its initial disclosures, then stated that the Wal-Mart employees appeared to converse with each other and possibly with Wilson. Wal-Mart's improper reference to its initial disclosure renders its response to Interrogatory No. 13 incomplete. Wal-Mart is ordered to serve a complete response to Interrogatory No. 13 that lists the names of all Wal-Mart employees seen in the surveillance camera footage of the incident.

    4.    <u>Wilson's Motion Challenging the Sufficiency of Wal-Mart's Answers to Wilson's Requests for Admissions is Denied</u>

Wilson moves to challenge the sufficiency of Wal-Mart's objections and answers to Wilson's Requests for Admission (hereafter "RFA") No. 12, 16, 19, and 20.[5] For the reasons stated below, Wilson's motion is denied.

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)." FED. R. CIV. P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party

---

[4] Wal-Mart also objects to Interrogatory No. 13 on the ground that it seeks information about subsequent remedial measures in violation of Federal Rule of Evidence 407. "Information within [the] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Wal-Mart's objection that Interrogatory No. 13 seeks information about subsequent remedial measures is overruled.

[5] RFA No. 12 asks, "Admit that Plaintiff was injured in the subject incident."
RFA No. 16 asks, "Admit that a liquid was on the floor prior to the subject incident."
RFA No. 19 asks, "Admit that at the time of the subject incident, no signs warning of a wet floor was present."
RFA No. 20 asks, "Admit that Wal-Mart did not clean the liquid on the floor prior to the subject incident."

cannot truthfully admit or deny." FED. R. CIV. P. 36(a)(4). "The grounds for objecting to a request must be stated." FED. R. CIV. P. 36(a)(5). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982).

"The requesting party may move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." FED. R. CIV. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6). "If a responding party files a response that contains the proper detail, however, the propounding party may not challenge the denial on the grounds that it is unsupported by the evidence." 8B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2263 (3d ed. 1998).

Wal-Mart's answers to RFAs No. 12, 16, 19, and 20 follow a similar pattern. Wal-Mart asserts numerous objections, such as the request is: (1) vague and ambiguous, (2) overbroad, (3) the request is compound, and (4) the request seeks information protected by the attorney-client privilege and work-product doctrine. Wal-Mart then denies each assertion made in RFAs No. 12, 16, 19, and 20.

Wilson's challenges to each of Wal-Mart's denials, as insufficient because evidence supports an admission rather than a denial, are improper.[6] Requests for admissions are meant to establish material facts and streamline trial; they are not designed to coerce the responding party to concede liability. Wilson's motion challenging the sufficiency of Wal-Mart's answers is denied.

---

[6] The court does not address Wilson's challenges to Wal-Mart's objections. Even if Wal-Mart's objections were determined to be unjustified, Wilson's recourse is a court order that requires Wal-Mart to serve its answers to Wilson's RFAs. FED. R. CIV. P. 36(a)(6). As Wal-Mart answered Wilson's RFAs, the court addresses Wal-Mart's answers.

5.  <u>Wilson's Motion to Compel Responses to Her Requests for Production is Granted in Part and Denied in Part.</u>

Wilson moves to compel responses for four of her requests for production (hereafter "RFP"): (1) RFP No. 1 from Wilson's First Set of Requests for Production (hereafter "RFP 1-1"), (2) RFP No. 8 from Wilson's First Set of Requests for Production (hereafter "RFP 1-8"), (3) RFP No. 4 from Wilson's Third Set of Requests for Production (hereafter "RFP 3-4"), and (4) RFP No.1 from Wilson's Fourth Set of Requests for Production (hereafter "RFP 4-1").  After Wilson brought the instant motion to compel, Wal-Mart produced responsive documents to RFPs 1-8 and 4-1.  For the reasons state below, Wilson's motion is granted in part and denied in part.

"A party may serve on any other party a request within the scope of Rule 26(b)" to produce or allow inspection of documents or tangible things "in the responding party's possession, custody, or control."  FED. R. CIV. P. 34(a)(1).  A party objecting to a request for production must state its objection with specificity.  FED. R. CIV. P. 34(b)(2)(C).  "[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'"  *EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at *5 (D. Nev. Sept. 11, 2013) (internal citations omitted).  "[B]oilerplate objections such as 'overly burdensome and harassing' are improper."  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

"[B]oilerplate objections or blanket refusals inserted in a response to a Rule 34 request for production of documents are insufficient to assert a privilege."  *Burlington N. & Santa Fe Ry. Co. v. United States District for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005).  The court undertakes a holistic reasonable analysis to determine whether a privilege was validly asserted.  *Id.* "[P]roviding particulars typically contained in a privilege log is presumptively sufficient [to assert a privilege] and boilerplate objections are presumptively insufficient."  *Id.*

a. *Vague and Ambiguous, Overbreadth, and Unduly Burdensome Objections*

Wal-Mart objects to all four contested RFPs on the grounds that the RFPS are: (1) vague and ambiguous, (2) overbroad as to scope and time, and (3) unduly burdensome. None of Wilson's RFPs contains vague or ambiguous terms. Nor are any of her RFPs overbroad as to scope and time. Wal-Mart further fails to explain how responding to Wilson's RFPs is unduly burdensome. Wal-Mart's objections that Wilson's RFPs are vague and ambiguous, overbroad and unduly burdensome are overruled.

b. *Assertion of the Attorney-Client Privilege and Work Product Doctrine*

Wal-Mart objects to all four contested RFPs on the grounds that responsive documents are protected by the attorney-client privilege or the work-product doctrine. Wal-Mart, however, fails to submit a privilege log; consequently the court is unable to ascertain the validity of Wal-Mart's assertions of the privilege and the protection. Wal-Mart's objections based on the attorney-client privilege and work-product doctrine are overruled.

c. *Privacy Objections*

Wal-Mart objects to three of the contested RFPs on the grounds that responsive documents contain confidential information about third parties. "Confidentiality in and of itself is not a legitimate grounds of objection." *Collins v. NDOC*, Case No. 313-CV-00255-RCJ-WGC, 2014 WL 4656232, at *3 (D. Nev. Sept. 17, 2014). "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded." *Id.* Wal-Mart fails to explain why the responsive document are confidential beyond an

assertion that Wilson's RFPs seek "information [in violation] of third-party privacy rights." Wal-Mart's privacy objections are overruled.

    d.  *Lay Opinion and Authentication Objection*

Wal-Mart objects to RFP 3-4 on the grounds that the RFP calls for a lay opinion and seeks authentication of documents. "Information within [the] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Wal-Mart's lay opinion and authentication objections to RFP 3-4 are overruled.

    e.  *Responsive Documents Not In Wal-Mart's Possession, Custody, or Control*

Wal-Mart objects to RFP 3-4 on the ground that responsive documents are not in Wal-Mart's possession, custody, or control. If the responding party asserts that the requested documents are not in his possession, custody, or control, the "[responding] party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Am. General Ins. Co. v. Vistana Condominium Owners Ass'n.*, Case No. 2:12-cv-1324-JAD-NJK, 2014 WL 910350 at *2 (D. Nev. March 7, 2014). "Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive document." *EnvTech, Inc.*, 2013 WL 4899085 at *5. Wal-Mart fails to describe its search efforts for documents responsive to RFP 3-4. Wal-Mart's objection to RFP 3-4 on the ground that responsive documents are not in its possession, custody, or control is overruled.

    f.  *Relevancy Objections*

Wal-Mart objects to RFPs 1-1 and 4-1 on the ground that the RFPs seek information not relevant to any party's claim or defense. RFP 1-1 requests "[t]he employee file for every employee who is listed in the incident report." RFP 4-1 requests "[t]he employee files for Maria Villalba and Vermaries Simmons."

Wilson alleges a single, negligence cause of action against Wal-Mart based on Wal-Mart's failure to warn her about a water spill in its store. Wilson does not name Villabla, Simmons, or any other Wal-Mart employee as a defendant. Nor does Wilson allege that Wal-Mart was negligent in hiring or retaining any of its employees. RFPs 1-1 and 4-1 thus seek information not relevant to Wilson's claim against Wal-Mart; the contents of Wal-Mart employee files do not make it more or less likely that Wal-Mart employees failed to warn Wilson about the water spill on the date of the incident. Wal-Mart's relevancy objections to RFPs 1-1 and 4-1 are sustained. Wal-Mart is not obligated to produce any more documents responsive to RFPs 1-1 and 4-1.

      g.    *Proportionality*

"On motion or on its own, the court must limit the frequency or extent of discovery [if] … the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C)(iii). Discovery must be proportional to the needs of the action "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

RFP 1-8 seeks information not proportional to the needs of the action. RFP 1-8 requests "[a]ll documents concerning communications between Defendants and any third-party administrator, local adjusting company, or independent contracting adjusting company for all information obtained regarding the subject incident, any investigation thereof, and any claims brought by any person or entity thereof." Wilson alleges a single, negligence cause of action based on Wal-Mart's alleged failure to warn her about a water spill. Wal-Mart produced the incident report on Wilson's fall, the names of Wal-Mart employees who witnessed Wilson's fall, and surveillance camera footage from the time of the incident. Any benefit derived from information about subsequent, third-party investigations of the

incident or third-party claims arising out of the incident is outweighed by the expense and burden imposed on Wal-Mart to collect responsive documents.  Wilson's request to compel Wal-Mart to respond to RFP 1-8 is denied.  Wal-Mart is not obligated to produce more documents responsive to RFP 1-8.

      6.     <u>Wal-Mart's Motion For a Protective Order Is Denied</u>

Wal-Mart seeks a protective order regarding Wilson's RFAs No. 12, 16, 19, and 20 and RFP 3-4.  For the reasons stated below, Wal-Mart's motion is denied.

"The party seeking a protective order bears the burden of asserting good cause by 'showing that specific prejudice or harm will result if no protective order is granted.'"  *Olin Corp. v. Continental Cas. Co.*, Case No. 2:10-cv-623-GMN-RJJ, 2011 WL 3847140 at* 1 (D. Nev. Aug. 30, 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

      a.     *RFAs No. 12, 16, 19, and 20*

As previously discussed in section four of this order, Wal-Mart's answers to RFAs No. 12, 16, 19, and 20 are sufficient.  Wal-Mart's reason for moving for a protective order, that Wilson's RFAs seek to coerce the company into conceding liability, is addressed by the court's denial of Wilson's motion challenging the sufficiency of Wal-Mart's RFA answers.  (Doc. #17).  A protective order regarding Wilson's RFAs is thus unnecessary as Wal-Mart is not obligated to provide any further answers to RFAs No. 12, 16, 19, and 20.

      b.     *RFP 3-4*

Wal-Mart argues that a protective order regarding RFP 3-4 is appropriate because RFP 3-4 is a "blanket request" and fails to "separate out the specific matters for which it seeks documents."  Wal-Mart's argument in support of its request for a protective order regarding RFP 3-4 is unpersuasive.  Wilson alleges a single claim of negligence against Wal-Mart that arises from a "slip and fall" incident.

Wal-Mart's burden to gather and produce all documents related to Wilson's fall is likely minimal, no matter how Wilson phrases her request. Wal-Mart also fails to describe the specific harm or prejudice the company will suffer if it produces documents responsive to RFP 3-4. Wal-Mart's request for a protective order regarding RFP 3-4 is denied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wal-Mart's Motion for Protective Order (Doc. #13) is GRANTED in part and DENIED part. Wilson may videotape the requested inspection. Wilson's inspection is limited in scope to the aisle in the Wal-Mart store where the incident occurred. Wilson's videotaped inspection must take place at a time when the Wal-Mart store is not busy. Wilson's video may not contain any identifying information about Wal-Mart's customers.

IT IS FURTHER ORDERED that Wilson's Motion to Compel Deposition Testimony and Sanctions (Doc. #15) is GRANTED in part and DENIED in part. On or before March 15, 2016, Wal-Mart must produce Maria Villalba and Vermaries Simmons for depositions.

IT IS FURTHER ORDERED that Wilson's Motion to Compel Interrogatory Answers (Doc. #16) is GRANTED. On or before March 15, 2016, Wal-Mart must to serve complete answers to Interrogatories No. 1, 4, 11, 12, and 14.

IT IS FURTHER ORDERED that Wilson's Motion to Compel Request for Admissions (Doc. #17) is DENIED.

IT IS FURTHER ORDERED that Wilson's Motion to Compel Request for Production Answers (Doc. #18) is GRANTED in part and DENIED in part. Wal-Mart's objections to RFP 3-4 are OVERRULED; on or before March 15, 2016, Wal-Mart must produce documents responsive to RFP 3-4. Wal-Mart's relevancy objections to RFP 1-1 and RFP 4-1 are SUSTAINED. Wilson's request to compel

a response to RFP 1-8 is DENIED as the RFP seeks information that is not proportional to the needs of the action.

IT IS FURTHER ORDERED that sanctions requested in Wilson's Motion to Compel Deposition Testimony (Doc. #15) are DENIED.

IT IS FURTHER ORDERED that the hearing for all motions scheduled for March 4, 2016 is VACATED.

IT IS FURTHER ORDER that Wal-Mart's Motion for a Protective Order (Doc. #35) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of February, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE