# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

KATIE F. WILSON,

        Plaintiff,

vs.

WAL-MART STORES, INC.,

        Defendant.

Case No. 2:15–cv–1791–RCJ–VCF

**ORDER**

MOTION TO STRIKE DEFENDANT'S ANSWER AS TO LIABILITY FOR ONGOING DISCOVERY ABUSES (DOC. #20)

      This matter involves Plaintiff Katie F. Wilson's civil action against Defendant Wal-Mart Stores, Inc. Before the court are Wilson's Motion to Strike (Doc. #20), Wal-Mart's response (Doc. #41), and Wilson's reply (Doc. #51). For the reasons stated below, Wilson's motion to strike is denied.

## I. BACKGROUND

      The instant motions arise from the parties' discovery disputes. During discovery, Wal-Mart moved for a protective order that proposed to limit Wilson's inspection of the Wal-Mart store where the incident occurred. Wilson then filed four motions to compel, related to two noticed depositions and several sets of written discovery. The court ruled on Wal-Mart's motion for a protective order limiting Wilson's inspection as well as Wilson's four motions to compel. (Doc. #43).

      Wilson now moves to strike Wal-Mart's answer regarding the issue of liability due to: (1) Wal-Mart's alleged failure provide complete responses to written discovery, (2) Wal-Mart's alleged failure to permit an on-site inspection, (3) Wal-Mart's alleged failure to produce fact witnesses for their depositions, and (4) Wal-Mart's failure to attend its own deposition.

/// /// ///

/// /// ///

## II. LEGAL STANDARD

"If a party or party's officer, director, or managing agent … fails to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A).  Just orders "may include … striking pleadings in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii).

"Instead of or in addition to the orders [listed in Federal Rule of Civil Procedure 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees , caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"In determining an appropriate sanction for failure to comply with a discovery order or attend a scheduled deposition, the court examines five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to non-offending party; (4) the public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

## III. DISCUSSION

The parties present one issue: (1) whether Wal-Mart's answer regarding liability should be stricken.

1. <u>Wal-Mart's Answer With Regard to Liability is Not Stricken</u>

Wal-Mart's conduct in the instant action does not merit the striking of its answer as to liability. Contrary to Wilson's position, Wal-Mart is not obstructing discovery in an effort to avoid litigation on the merits; the parties had, and continue to have, genuine discovery disputes.  The following *Leon* factors weigh in favor of not striking Wal-Mart's answer: (1) Wal-Mart has not disobeyed a discovery order in this action, (2) Wilson fails to show how she would be prejudiced by the requirement that she

establish Wal-Mart's liability, and (3) public policy favors disposition on the merits on the issue of Wal-Mart's liability.

Wilson next relies on Wal-Mart's alleged history of discovery abuses in state and federal court actions across the country to justify the striking of Wal-Mart's answer as to liability. Wilson's reliance is misplaced. While the court may levy sanctions based on its inherent authority to respond to abusive litigation practices or on a party's failure to obey a discovery order, the court only considers a party's conduct in the action before it. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Wal-Mart's alleged misconduct in other actions is irrelevant on the issue of whether its answer as to liability, in this action, should be stricken.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wilson's Motion to Strike (Doc. #20) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE