# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

KATIE F. WILSON,

        Plaintiff,

vs.

WAL-MART STORES, INC., a foreign corporation; *et. al.*,

        Defendants.

Case No. 2:15–cv–1791–RCJ–VCF

**ORDER**

Motion to Compel Independent Medical Examination (Doc. #69)

    This matter involves Plaintiff Katie F. Wilson's civil action against Defendant Wal-Mart Stores, Inc. Before the court are Wal-Mart's motion to compel Wilson's independent medical examination (Doc. #69), Wilson's response (Doc. #74), and Wal-Mart's reply (Doc. #75). A hearing was held on March 11, 2016 at 4:30 p.m. The parties also filed a joint status report setting out a schedule for conducting outstanding discovery (Doc. #79).[1] For the reasons stated below, Wal-Mart's motion to compel is granted.

## I. Legal Standard

    "The court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order … must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

---

[1] Wilson objected to the joint status report on the grounds that it contains a footnote, declaration, and exhibit for which she did not give her consent. (Doc. #81). The contested footnote, declaration, and exhibit are not material to the proposed discovery schedule, but Wilson's objection is noted for the record.

**II. Discussion**

The parties present one issue: (1) what is the proper scope of Wilson's independent medical examination (hereafter "IME").

1. <u>Wilson's IME Will Go Forward Subject to the Following Limitations</u>

As an initial matter, Wilson does not dispute that an independent medical examination of her physical condition is a necessary part of discovery. (Doc. #74 at 3). The parties do dispute the proper scope and conditions of Wilson's IME; specifically items numbers one, six, seven, and eight on the parties' stipulation regarding defendant medical examination. (Doc. #75-3 at 4). The court resolves these disputes as follows:

1. Wilson's IME is limited to two (2) hours. Dr. Steve McIntire will have no more than ten (10) additional minutes to conclude any examination he may be conducting at the two-hour mark.

6. If Dr. McIntire requires Wilson to complete forms before he conducts her IME, Wal-Mart will deliver such forms to Wilson's counsel on or before March 25, 2016. Wilson will bring the completed forms to her IME.

7. Dr. McIntire may not inquire about the death of Wilson's sister. The parties acknowledge that Wilson's mental condition is not the subject of Dr. McIntire's IME. The prohibition against questions about the death of Wilson's sister applies only to Dr. McIntire's examination and is not a determination on the relevance of the death of Wilson's sister in this action.

8. Dr. McIntire may ask questions related to either parties' potential liability. The parties acknowledge that any question bearing on the issue of liability is incidental to Dr.

McIntire's examination. Wilson may challenge the admissibility in to evidence of any statement made during Dr. McIntire's examination.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED Wal-Mart's Motion to Compel (Doc. #69) is GRANTED.

IT IS FURTHER ORDERED that Wilson undergo an independent medical examination at 10:00 a.m. on April 1, 2016. The examination will be conducted by Dr. Steve McIntire and is limited to two (2) hours. Dr. McIntire is permitted no more than ten (10) additional minutes at the end of his examination to complete an inspection he was conducting at the two-hour mark.

IT IS FURTHER ORDERED that if Dr. McIntire requires Wilson to complete forms before he conducts her IME, Wal-Mart will deliver such forms to Wilson's counsel on or before March 25, 2016. Wilson will bring the completed forms to her IME.

IT IS FURTHER ORDERED that Dr. McIntire may not inquire about the death of Wilson's sister.

IT IS FURTHER ORDERED that Dr. McIntire may ask questions related to either parties' potential liability. Wilson may challenge the admissibility in to evidence of any statement made during Dr. McIntire's examination.

IT IS FURTHER ORDERED that, pursuant to the joint status report (Doc. #79), the following discovery is scheduled:

1. Wal-Mart's expert Dr. McIntire will be deposed at approximately 1:00 p.m. on April 1, 2016. The deposition is limited to three (3) hours and Wilson is permitted a follow-up telephonic deposition to address issues raised in Dr. McIntire's supplemental expert report.

2. Wilson's site inspection of Wal-Mart Store No. 2592 will occur at 10:00 a.m. on March 24, 2016.

       3.       Wilson's expert Alex Balian will be deposed at approximately 1:00 p.m. on March 24, 2016. The deposition is limited to three (3) hours and Wal-Mart is permitted a follow-up telephonic deposition to address issues raised in Balian's supplemental expert report.

IT IS FURTHER ORDERED that, pursuant to the joint status report (Doc. #79), the following depositions are scheduled:

       1.       Wilson's expert Jeffery Gross, M.D. will be deposed at 4:00 p.m. on March 16, 2016.

       2.       Wal-Mart's FRCP 30(b)(6) designee will be deposed at 9:00 a.m. on March 30, 2016.

       3.       Deseray Hernandez will be deposed at 9:00 a.m. on April 4, 2016.

       4.       Wilson's expert Brian Jones will be deposed at 10:00 a.m. on April 5, 2016.

       5.       Mindy Dawson will be deposed at 2:00 p.m. on April 7, 2016.

       6.       Wal-Mart's rebuttal expert Arthur Dublin, M.D. is tentatively scheduled to be deposed at 10:00 a.m. on April 11, 2016. Dublin's deposition is subject to the court's decision on Wilson's Motion to Strike (Doc. #61).

IT IS FURTHER ORDERED that the deadline to file dispositive motion is extended to June 1, 2016. The joint pre-trial order is due on July 1, 2016.

IT IS SO ORDERED.

DATED this 15th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE