# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

KATIE F. WILSON,

        Plaintiff,

vs.

WAL-MART STORES, INC.,

        Defendant.

Case No. 2:15–cv–1791–RCJ–VCF

**ORDER**

MOTION FOR PROTECTIVE ORDER (DOC. #36);
MOTION FOR PROTECTIVE ORDER (DOC. #37);
COUNTER-MOTION TO COMPEL (DOC. #54)

This matter involves Plaintiff Katie F. Wilson's civil action against Wal-Mart Stores, Inc. Before the court are the following motions:

1. Wal-Mart's motion for protective order (Doc. #36) and Wilson's response (Doc. #53).

2. Wal-Mart's motion for protective order (Doc. #37), Wilson's response (Doc. #52), and Wal-Mart's reply (Doc. #66).

3. Wilson's counter-motion to compel (Doc. #54) and Wal-Mart's response (Doc. #72).

For the reasons stated below, Wal-Mart's motion for protective order (Doc. #36) is granted in part and denied in part. Wal-Mart's motion for protective order (Doc. #37) is granted in part and denied in part.[1] Wilson's counter-motion to compel (Doc. #54) is denied.

## I. Legal Standard

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." FED. R. CIV. P. 26(c). "The motion must include a certification that

---

[1] Wal-Mart seeks a protective order as to Request for Production Set 1, Request 1 (hereafter "1-1") and Request for Production Set 4, Request 1 (hereafter "4-1"). RFP 1-1 and RFP 4-1 request Wal-Mart employee files. Pursuant to the parties' joint status report (Doc. #71), the portions of Wal-Mart's motion for protective order (Doc. #37) regarding Wal-Mart employee files are denied as moot. Similarly, Wilson's request to compel (Doc. #54) production of documents responsive to RFP 1-1 and RFP 4-1 is denied.

the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

## II. Discussion

1. <u>Wal-Mart's Request for a Protective Order as to Interrogatories 1, 4, 11, and 13 is Denied</u>

Contrary to Wal-Mart's assertion, Wilson's interrogatories 1, 4, 11, and 13 do not constitute annoyance, embarrassment, oppression, or undue burden.[2] This court previously held that Interrogatories 1, 4, 11, and 13 sought discoverable information, Wal-Mart's responses were inadequate, and ordered Wal-Mart serve adequate responses consistent with the court's order. (Doc. #43). Wal-Mart's motion for a protective order as to Interrogatories 1, 4, 11, and 13 is denied.

2. <u>Wal-Mart's Request for a Protective Order as to Request for Production (hereafter "RFP") First Set, Request 8 (hereafter "1-8") is Granted</u>

Wal-Mart's request for a protective order as to RFP 1-8 is granted. This court previously held that documents responsive to RFP 1-8 were not proportional to the needs of this action. Wal-Mart is not required to produce documents responsive to RFP 1-8.

/// /// ///

/// /// ///

---

[2] Wal-Mart also seeks a protective order as to Interrogatory 1 based on work-product protection. "[W]hether a certain person has factual knowledge relevant to the lawsuit is not protected by the work product privilege." *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987). "The [protection] does prevent opposing counsel, however, from inquiring whether the investigator has interviewed that particular person in the course of his investigation." *Id.* Here, information responsive to Interrogatory 1 is not protected by the work-product protection. Interrogatory 1 asks, "[s]tate the names, addresses, and telephone numbers of every person, known to you or to your attorneys, who has or claims to have any knowledge concerning the facts and circumstances surround the subject incident." As Wilson is inquiring about individuals with factual knowledge, rather than individuals Wal-Mart has spoken to, the information requested in Interrogatory 1 is not protected by the work-product protection.

3. <u>Wal-Mart's Request for a Protective Order as to Interrogatories 8 and 12 is Denied</u>

Wal-Mart's request for a protective order as to Interrogatories 8[3] and 12, on the ground that the interrogatories ask about subsequent remedial measures, is denied. "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). This court previously overruled an objection to Interrogatory 12 based on the interrogatory seeking information on subsequent remedial measures in violation of Federal Rule of Evidence 407. (Doc. #43). Similarly, Wal-Mart's objections to Interrogatories 8 and 12 on the same ground are overruled; the information sought by Interrogatories 8 and 12 may in fact be inadmissible in to evidence, but that does not bar Wilson from requesting discovery about Wal-Mart's subsequent remedial measures. Wal-Mart's request for protective order as to Interrogatories 8 and 12 is denied.

4. <u>Wal-Mart's Request for a Protective Order as to Interrogatory 10, RFP First Set, Request 16 (hereafter "1-16"), and RFP First Set, Request 17 (hereafter "1-17") is Granted</u>

Interrogatory 10 and RFPs 1-16 and 1-17 request information about prior "slip and fall" lawsuits and incidents at any Las Vegas Wal-Mart location in the past five years. Information about prior "slip and fall" incidents is not proportional to the needs of this action. Fed. R. Civ. P. 26(b)(1). While data about Wal-Mart's prior "slip and fall" incidents may be relevant to Wilson's negligence claim, the burden on Wal-Mart to produce this data outweighs any potential benefit this information may have for Wilson's claim. Wal-Mart's request for a protective order as to Interrogatory 10, RFP 1-16, and RFP 1-17 is granted. Wilson's counter-motion to compel (Doc. #54) as to Interrogatory 10, RFP 1-16, and RFP 1-17 is denied.

---

[3] Wal-Mart also seeks a protective order as to Interrogatory 8 on the ground that it seeks information about prior incidents. (Doc. #37 at 15). Interrogatory 8 asks, "[h]as the subject area undergone any repairs or changes since the subject incident." Here, Interrogatory 8 asks about subsequent remedial measures, not prior incident. Wal-Mart's request for a protective order on the ground that Interrogatory 8 asks about prior incidents is denied.

3

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wal-Mart's Motion for Protective Order (Doc. #36) is GRANTED in part and DENIED in part. Wal-Mart's request for a protective order as to Interrogatories 1, 4, 8, 11, 12, and 13 is DENIED. Wal-Mart's request for protective order as to RFP 1-8 is GRANTED. Wal-Mart is not required to produce documents responsive to RFP 1-8.

IT IS FURTHER ORDERED that Wal-Mart's Motion for Protective Order (Doc. #37) is GRANTED in part and DENIED in part. Wal-Mart's request for a protective order as to Interrogatory 8 is DENIED. Wal-Mart's request for a protective order as to Interrogatories 10, RFP 1-16, and RFP 1-17 is GRANTED. Wal-Mart is not required to respond to Interrogatory 10, RFP 1-16, or RFP 1-17.

IT IS FURTHER ORDERED that Wilson's counter-motion to compel (Doc. #54) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE