UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

KATIE F. WILSON,

            Plaintiff,

vs.

WAL-MART STORES, INC., *et.al.*,

            Defendant.

Case No. 2:15–cv–1791–RCJ–VCF

**<u>ORDER</u>**

MOTION TO EXCLUDE UNTIMELY DAMAGES CLAIMS (DOC. #48); MOTION TO STRIKE REBUTTAL EXPERT (DOC. #61)

      This matter involves Plaintiff Katie F. Wilson's civil action against Defendant Wal-Mart Store, Inc. Before the court are Wal-Mart's motion to exclude untimely damages claims (Doc. #48), Wilson's response (Doc. #65), and Wal-Mart's reply (Doc. #78). Also before the court is Wilson's motion to strike Wal-Mart's rebuttal expert (Doc. #61), Wal-Mart's response (Doc. #77), and Wilson's reply (Doc. #85). For the reasons stated below, Wal-Mart's motion to exclude untimely damages claims (Doc. #48) is granted. Wilson's motion to strike Wal-Mart's rebuttal expert is also granted.

**I. Background**

      The instant motions arise from the parties' allegedly untimely disclosures. On November 5, 2015, the court set the following discovery deadlines: (1) initial disclosures under Federal Rule of Civil Procedure 26(a)(1) were due on November 3, 2015, (2) expert witnesses disclosures were due on January 15, 2016, (3) rebuttal expert witness disclosures were due on February 14, 2016, and (4) discovery would close on March 15, 2016. (Doc. #9). The court granted a limited extension of discovery so that the parties would be able to depose certain witnesses. (Doc. #67). The discovery deadline, the expert witness disclosure deadline, and the rebuttal expert witness disclosure deadline were not extended.

1

On October 20, 2015, as part of her initial disclosures, Wilson claimed $86,743.05 in past medical expenses. (Doc. #48-2 at 10). Wilson did not claim any future medical expenses or lost income. On December 18, 2015, Wilson served her second supplement to her initial disclosures, in which her past medical expenses increased from $86, 743.05 to $248,541.03. (Doc. #48-6 at 11). Wilson's second supplement to her initial disclosures did not claim any future medical expenses or lost income. On January 20, 2016, Wilson served her fifth supplement to her initial disclosures, in which her past medical expenses increased from $248,541.03 to $337,446.86. Wilson also claimed $657,254.80 in future medical care and $117,972.00 - $295,505.00 in "los[t] household services." Wilson's special damages now total $1,112,673.66 - $1,290,206.66. Wal-Mart now moves to exclude Wilson's damages claims over $86,743.05 as Wal-Mart alleges that Wilson's additional damages were untimely disclosed.

On January 15, 2016, Wal-Mart disclosed Dr. Steven McIntire as its expert witness. (Doc. #61-2 at 2). On February 16, 2016, Wal-Mart disclosed Dr. Arthur Dublin as its rebuttal expert witness. (Doc. #61-4 at 2). Wilson now moves to strike Dr. Dublin's opinion as Wilson alleges that he is not a proper rebuttal witness, thus Wal-Mart did not timely disclose him as an initial expert witness on January 15, 2016.

## II. Legal Standard

"[A] party must, without awaiting a discovery request, provide to the other parties … a computation of each category of damages claimed by the disclosing party."  FED. R. CIV. P. 26(a)(1)(iii).

"In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at

trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).  "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1)(A)-(C).

## III. Discussion

The parties present three issues: (1) whether Wilson's additional damages claims may be excluded due to their untimely disclosure, (2) whether Wal-Mart's expert Dr. Arthur Dublin is a proper rebuttal expert, and (3) whether Dr. Dublin's opinion may be excluded due to its untimely disclosure.

1.   <u>Wilson's Additional Damages Claims are Excluded</u>

"A party must make its initial disclosure based on the information then reasonably available to it." FED. R. CIV. P. 26(a)(1)(E).  "A party is not excused from making its disclosures because it has not fully investigated the case." FED. R. CIV. P. 26(a)(1)(E).

Wilson's claims for damages over $86,743.05 are excluded as untimely.  On December 18, forty-five days after initial disclosures were due, Wilson increased her claimed past medical damages from $86,743.05 to $248,541.03.  On January 20, seventy-eight days after initial disclosures were due, Wilson: (1) increased her past medical expenses $248,541.03 to $337,446.86, (2) claimed $657,254.80 in future medical damages, and (3) $117,972.00 - $295,505.00 in "los[t] household services."  Wilson's January 20 supplemental disclosure was the first time Wilson claimed future medical damages or damages for lost household services.  Wilson's disclosure of damages over $86,743.05 are untimely, thus Wilson must show that her untimely disclosures were substantially justified or harmless.

Wilson argues that Wal-Mart was not harmed by her untimely disclosures of additional damages as Wilson promptly informed Wal-Mart of her medical expenses as she incurred them.  Wilson's

3

argument is unpersuasive. Federal Rule of Civil Procedure 26(a)(1) requires a party to give other parties an estimate of the damages he will claim at trial; assertions that a party is continuing to treat does not excuse the party from providing a reasonable estimate of her damages as part of her initial disclosures. *Montilla v. Wal-Mart Stores, Inc.*, Case No. 2:13-cv-2348-GMN-VCF, 2015 WL 5458781 at* 3 (D. Nev. Sept. 16, 2015). Here, Wilson's failure to disclose the full amount of past medical expenses, as well as her future medical damages and damages related to the loss of household services, prejudiced Wal-Mart. Wal-Mart likely would have had a different litigation strategy had it known Wilson was claiming over $1 million in damages versus only $86,743.05 in damages. Thus Wilson's damages over $86,743.05 are excluded.

2.  Dr. Dublin is Not a Proper Rebuttal Witness

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) "permits the admission of rebuttal expert testimony that is 'intended solely to contradict or rebut evidence on the same subject matter identified' by an initial expert witness." *R & O Const. Co. v. Rox Pro Intern. Group, Ltd.*, Case No. 2:09-cv-1749-LRH-LRL, 2011 WL 2923703 at* 2 (D. Nev. July 18, 2011). "Rebuttal expert reports necessitate a showing of facts support the opposite conclusion of those at which the opposing party's experts arrived in their respective reports." *Id.* "Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report." *Id.* "They are not, however, the proper place for presenting new arguments." *Id.* "Rather, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case." *Id.*; *see also Amos v. Makita U.S.A., Inc.*, Case No. 2:09-cv-1304-GMN-RJJ, 2011 WL 43092 at* 2 (D. Nev. Jan 6, 2011) (finding that expert's opinion that proffered an alternative causation theory was not a proper rebuttal expert opinion).

Dr. Dublin's opinion is not a proper rebuttal expert opinion. Dr. Dublin reviewed portions of Wilson's medical records and concluded that Wilson sustained no "active or recent trauma." Dr.

Dublin's expert report also state that he "did not review the medical examinations." Dr. Dublin's expert report presents an alternative explanation for Wilson's claimed injuries, namely that Wilson's injuries are the result of her pre-incident health problems.

Since Dr. Dublin's expert report presents an alternative theory about the cause of Wilson's complained of injuries, Dr. Dublin is not a proper rebuttal expert witness. In *Amos*, the defendant's proposed rebuttal expert opined that faulty electrical wiring, and not the defendant's power tool, was the cause of the fire that damaged the plaintiff's home. 2011 WL 43092 at* 2. The *Amos* court held that the defendant's expert was not a proper rebuttal expert as the defendant's expert presented a new argument, an alternative theory of causation, instead of addressing unforeseen facts raised in the plaintiff's experts' reports. *Id.* Here, Dr. Dublin's proposed testimony is similar; he proposes to testify about an alternative theory about Wilson's injuries. The cause of Wilson's injuries is a central issue in this action, thus injury causation cannot be the type of "unforeseen facts" that a rebuttal expert witness may properly address. Dr. Dublin is not a proper rebuttal expert witness, thus Wal-Mart's disclosure of Dr. Dublin on February 16 was untimely.

3.     <u>Dr. Dublin's Opinion is Excluded</u>

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Id.*

Here, Wal-Mart fails to meet its burden to show that Dr. Dublin's untimely disclosure was justified or harmless. Wal-Mart's argument, that Wilson's use of a spinal cord stimulator is a novel

issue that justifies Wal-Mart's untimely disclosure of Dr. Dublin, is unpersuasive.  In *Lanard Toys*, the plaintiff's untimely disclosure of his expert witness was held justified and harmless as the plaintiff had served a "preliminary" expert declaration, that contained plaintiff's expert's background information, resume, and detailed information about how he had formed his opinion, before the initial expert witness disclosure deadline. *Id.* Here, Wal-Mart fails to show that its untimely disclosure of Dr. Dublin is justified or harmless.  Wal-Mart likely knew from the outset of discovery that injury causation would be a central issue in this action, irrespective of the particular medical treatments Wilson was receiving at the time of the incident.  Unlike *Landard Toys*, Wal-Mart failed to disclose any information about Dr. Dublin before the initial expert witness disclosure deadline.  Further, the novelty of Wilson's injury does not justify Wal-Mart's untimely disclosure of Dr. Dublin; Wal-Mart deposed Wilson on January 7, 2016 and was then able to timely disclose Dr. McIntire as its expert witness.  Wal-Mart fails to explain why it could not timely disclose Dr. Dublin, in light of the brevity of his report and the report's failure to specifically address the spinal stimulator. (Doc. #77-9).  Finally, the delay is not harmless; if Dr. Dublin is permitted to testify, Wilson will likely need to depose him, then possibly retain her own rebuttal expert witness.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wal-Mart's motion to exclude untimely damages claims (Doc. #48) is GRANTED.  Wilson may not offer evidence to support any claim of damages over $86,743.05.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

IT IS FURTHER ORDERED that Wilson's motion to strike Wal-Mart's rebuttal expert is GRANTED. Wal-Mart may not use Dr. Dublin's expert opinion for any purpose.

IT IS SO ORDERED.

DATED this 21st day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE