**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KATIE F. WILSON,

        Plaintiff,

vs.

WAL-MART STORES, INC.; *et.al.*,

        Defendants.

Case No. 2:15–cv–1791–RCJ–VCF

**ORDER**

MOTION TO DESIGNATE A REBUTTAL EXPERT (DOC. #86); MOTION FOR SANCTIONS (DOC. #91)

      This matter involves Plaintiff Katie F. Wilson's civil action against Defendant Wal-Mart Stores Inc. Before the court are Wal-Mart's motion to designate a rebuttal expert (Doc. #86), Wilson's opposition (Doc. #90), and Wal-Mart's reply (Doc. #96). Also before the court are Wilson's motion for sanction (Doc. #91) and Wal-Mart's response (Doc. #98). The court held a hearing at 3:00 p.m. on April 20, 2016. For the reasons stated below, Wal-Mart's motion to designate a rebuttal expert (Doc. #86) is denied. Wilson's motion for sanctions (Doc. #91) is also denied.

**I. Background**

      As part of discovery, Wilson disclosed expert witness Brian K. Jones. In his initial report, dated January 15, 2016, Jones opined that Wal-Mart's employees failed to follow company policy regarding the spill at issue. (Doc. #97-5). Jones also opined that Wal-Mart's employees failed to clean or otherwise address the spill. (*Id.*). Jones also noted that he was not able to conduct an on-site inspection due to a discovery dispute between the parties. (*Id.*). On February 9, 2016, this court entered an order that defined the scope of Wilson's onsite inspection and permitted Wilson and her experts to conduct an on-site inspection of the Wal-Mart store where Wilson fell. (Doc. #43).

On March 24, 2016, Wilson and her experts conducted their on-site inspection. (Doc. #97-4). On April 7, 2016, Jones submitted a supplemental expert report. Jones' supplemental report included results from Jones' floor tests as well as citations to additional witness statements and deposition testimony. (*Id.*). Wal-Mart now moves to either to designate an expert witness to rebut the opinions contained in Jones' April report or to strike Jones as an expert witness.[1]

In turn, Wilson moves for sanctions due to Wal-Mart's failure to attend its Rule 30(b)(6) deposition and Wal-Mart's removal of aisle displays, which were present at the time of the incident.

## II. Legal Standard

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report." FED. R. CIV. P. 26(a)(2)(B). "The report must contain: a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

"If a party or party's officer, director, or managing agent … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A).

/// /// ///

---

[1] At the hearing, Wal-Mart clarified that it wishes to strike certain topics in Jones' supplemental report. Before Wal-Mart was able to complete Jones' examination, Jones' deposition was terminated. (Doc. #97). Wal-Mart now moves to strike those topics in Jones' supplemental expert report that were not covered in Jones' deposition.

### III. Discussion

The parties present two issues: (1) whether portions of Jones' supplemental expert report should be stricken[2] and (2) whether Wal-Mart's conduct during discovery should warrant sanctions.

1.  <u>Wal-Mart Will Be Permitted to Reschedule Jones' Deposition</u>

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one days of 7 hours." FED. R. CIV. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." FED. R. CIV. P. 30(d)(1). "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P. 30(d)(3).

The court will order the parties to reschedule Jones' deposition. Wal-Mart noticed Jones' deposition for April 5, 2016 and attached a check to pay for two hours of Jones' time. At the hearing, Wal-Mart represented that it had intended to question Jones for a total of three hours. After approximately two hours of questioning, Jones' deposition was terminated.[3] On April 7, 2016, Jones' provided a supplemental expert report, which contained the results of tests Jones' performed during his on-site inspection as well as citations to additional evidence produced during discovery. Wal-Mart did not anticipate certain topics Jones' included in his supplemental report and did not have an opportunity to question Jones' about said topics during his deposition. Wal-Mart now moves to strike those topics in Jones' supplemental expert report that were not covered in Jones' deposition.

---

[2] At the hearing, Wal-Mart stated that a rebuttal expert is no longer necessary. Wal-Mart's motion to designate a rebuttal expert witness will be denied as moot.

[3] The parties dispute the reason why Jones' deposition ended prematurely. The reason for the premature end of Jones' deposition is irrelevant to the court's analysis.

Wal-Mart's request to strike portions of Jones' supplemental report relies on the assumption that Wal-Mart will not have another opportunity to depose Jones.  Wal-Mart's assumption was premature.  The premature termination of Jones' deposition deprived Wal-Mart of its opportunity to fairly examine Jones.  Pursuant to Rule 30(d)(1), the court will order that the parties use their best efforts to schedule Jones' deposition on or before April 29, 2016.  If the parties are unable to schedule Jones' deposition on or before April 29, 2016, Jones must be deposed on or before May 7, 2016.  Jones' deposition will be limited to a total of three hours.  Wal-Mart may examine Jones on any topics related to his expert opinion testimony.

2.      Wal-Mart Will Not Be Sanctioned

Wal-Mart will not be sanctioned for its failure to attend its Rule 30(b)(6) deposition or for its removal of aisle displays.

   i.   *Wal-Mart's Failure to Attend Its Rule 30(b)(6) Deposition Was Substantially Justified*

Wilson argues that Wal-Mart's failure to attend its Rule 30(b)(6) deposition was a deliberate attempt to frustrate discovery.  Wilson acknowledges that Wal-Mart's 30(b)(6) deponent was ill and bedridden.  Wilson has not demonstrated that the witness's illness cannot constitute a substantial justification.  Contrary to Wilson's position, the unavailability of Wal-Mart's 30(b)(6) deponent through no fault of his own constitutes a substantial justification, that will excuse Wal-Mart's failure to appear at its 30(b)(6) deposition.  Wal-Mart will not be sanctioned for its failure to attend its 30(b)(6) deposition.

   ii.   *Wal-Mart Did Not Violate a Court Order When It Removed Its Aisle Displays*

Wilson next argues that Wal-Mart's removal of aisle displays, which were present at the time Wilson was injured, violated this court's February 9 discovery order.  In its February 9 order, this court permitted Wilson and her experts to inspect the entire aisle where the incident occurred and to record

their inspection. (Doc. #43). This court did not order Wal-Mart to preserve or recreate the scene of the incident for Wilson. There is no basis in the record to believe that aisle displays were removed for any other reason. Wal-Mart was permitted to remove aisle displays pursuant to its regular business practices. Wal-Mart will not be sanctioned for the removal of its aisle displays.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wal-Mart's motion to designate a rebuttal expert (Doc. #86) is DENIED as moot.

IT IS FURTHERED ORDERED that Wal-Mart's request to strike portions of Jones' supplemental report is DENIED.

IT IS FURTHER ORDERED that the parties use their best efforts to schedule Jones' deposition on or before April 29, 2016. If the parties are unable to schedule Jones' deposition on or before April 29, 2016, Jones must be deposed on or before May 7, 2016.

IT IS FURTHER ORDERED that Jones' deposition will be limited to a total of three hours. Wal-Mart may examine Jones on any topics it wishes.

IT IS FURTHER ORDERED that Wilson's motion for sanctions (Doc. #91) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE