UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

KATIE F. WILSON,

        Plaintiff,

vs.

WAL-MART STORES, INC., et.al.,

        Defendants.

Case No. 2:15–cv–1791–RCJ–VCF

**ORDER**

MOTION TO COMPEL (ECF NO. 106)

    Before the court are Wal-Mart's motion to compel (ECF No. 106), Wilson's response (ECF No. 109), and Wal-Mart's reply (ECF No. 110). For the reasons stated below, Wal-Mart's motion is granted in part and denied in part.

**I. Discussion**

Wal-Mart moves to compel responses to two interrogatories.

> Interrogatory No. 1: Have you ever filed a personal injury lawsuit for an incident that occurred prior to April 27, 2014? If so state the venue, date, and how the case resolved.
>
> Answer to Interrogatory No. 1: Plaintiff objects to this Interrogatory because it seeks information that is outside the scope of discovery pursuant to FRCP 26. Subject to and without waiving the foregoing objection, Plaintiff recalls a couple of claims she made, but both were over 20 years ago and neither had any long-term injuries.

    Wilson objected to Interrogatory No. 1 on relevancy grounds. (ECF No. 106) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). While Wilson's prior injuries are relevant for causation damage calculations, any resulting lawsuits are not.

Wal-Mart's reasons for asking Interrogatory No. 1 support this conclusion. Wal-Mart's causation and damages investigation focuses on: (1) Wilson's accidents and injuries prior to the Wal-Mart fall; (2) the extent of those injuries; (3) the medical treatment she received as a result of those injuries; and (4) Wilson's prognosis with regard to those injuries. (ECF No. 106 at 3) Wal-Mart could have obtained this information through interrogatories asking about Wilson's prior injuries and any associated medical treatment. Wal-Mart instead asks for detailed information about lawsuits associated with Wilson's past injuries. (*Id.*) Information about past lawsuits, such as their venue, date of filing, and final disposition, are not relevant to any issue in this action. Wilson's relevancy objection to Interrogatory No. 1 is sustained.

> <u>Interrogatory No. 3</u>: On February 27, 2014, you tested positive for cannabinoid (THC); please advise why you had consumed cannabinoid (THC; aka marijuana)?
>
> <u>Answer to Interrogatory 3</u>: Plaintiff objects to this Interrogatory because it seeks information that is outside the scope of discovery pursuant to FRCP 26.

Wilson objected to Interrogatory No. 3 on relevancy grounds. Wal-Mart believes that Wilson used medical marijuana as part of her pain management regimen. (ECF No. 106) Wilson refutes this claim: "[m]arijuana is not and has never been part of M.s Wilson's past medical condition, status, and treatment." (ECF No. 109 at 9) Wal-Mart will be allowed to ask about Wilson's prior marijuana use as this issue is relevant to causation and damages. If Wilson did use medical marijuana as a result of a prior injury, this fact would likely have a direct effect on the amount of damages Wilson could recover for future medical expenses. Wilson's relevancy objection to Interrogatory No. 3 is overruled.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wal-Mart's motion to compel (ECF No. 106) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Wilson's relevancy objection to Interrogatory No. 1 is SUSTAINED. She need not provide a supplemental response to Interrogatory No. 1

IT IS FURTHER ORDERED that Wilson's relevancy objection to Interrogatory No. 3 is OVERRULED. On or before August 29, 2016, Wilson must serve Wal-Mart with a supplemental response to Interrogatory No. 3.

IT IS SO ORDERED.

DATED this 15th day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE