**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATIE F. WILSON, | ) |
|         Plaintiff, | ) 2:15-cv-01791-RCJ-VCF |
| vs. | ) |
| WAL-MART STORES, INC., | ) **ORDER** |
|         Defendant. | ) |

This premises liability case arises out of a slip-and-fall accident. Pending before the Court is a Motion for the Court to Reconsider the Magistrate Judge's Order (ECF No. 89) under Rule 72(a). The Court grants the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

On or about April 27, 2014, Plaintiff Katie Wilson slipped and fell at Defendant Wal-Mart Stores, Inc.'s store at 1807 W. Craig Rd., Las Vegas, Nevada, suffering severe injury. (Compl. ¶¶ 4, 8, ECF No. 1-2). Plaintiff sued Defendant in state court for negligence. Defendant removed. Defendant asked the Magistrate Judge to exclude allegedly untimely disclosed evidence of damages, and the Magistrate Judge granted the motion. Plaintiff has asked the Court to reconsider under Rule 72(a), i.e., to overrule the Magistrate Judge.

///

///

## II. LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). Rule 72(a) institutes an abuse-of-discretion-type standard. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are supported by the record. Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.")).

## III. ANALYSIS

The Scheduling Order in this case indicated a telephonic Rule 26(f) meeting between counsel on October 20, 2015, an initial disclosure date of November 3, 2015, and a discovery cut-off date of March 15, 2016. (*See* Sched. Order 1–2, ECF No. 9). Plaintiff argued in her response to the original motion that she had included a computation of damages in her initial disclosures on October 20, 2015, a month before the November 19, 2015 Rule 26(f) conference, as required by Rule 26(a)(1)(A)(iii). The disclosure was attached to the response, and it included a damages calculation of past medical expenses totaling $86,743.05. (*See* Initial Disclosures 9, ECF No. 65-2).

Plaintiff also adduced evidence that on November 16, 2015, Plaintiff's counsel wrote Defendant's counsel to note his client's willingness to attend mediation in mid-December and noting that Plaintiff was seeking to have spine surgery, which she would claim was necessitated by the fall, and that she would therefore be seeking a large amount at mediation. (*See* Tanner Letter, Nov. 16, 2015, ECF No. 65-10). Plaintiff also adduced a letter from her counsel to Defendant's counsel indicating that she had recently had the spine surgery. (*See* Tanner Letter, Dec. 7, 2015, ECF No. 65-12). Plaintiff also adduced evidence of having provided a supplemental damage calculation as part of supplemental disclosures made on December 18, 2015. (*See* Second Supplemental Disclosure 10, ECF No. 65-17). That calculation added bills for three additional hospitals due to the spine surgery, such that the past medical damages totaled $248,541.03. (*See id.*). Plaintiff argued that she had received additional information from her consultants about potential future medical damages caused by the fall, and she immediately disclosed the updated calculation. (*See* Fifth Supplemental Disclosure 12–13, ECF No. 65-21). That calculation added $12,003.80 for a pain clinic, loss of household services of $117,972–$295,505, and future medical care of $657,254.80, such that the damages totaled $1,112,673.66–1,290,206.66. (*See id.*). Plaintiff contemporaneously disclosed her expert witnesses in support of future damages.

Defendant moved to exclude all damages above $86,743.05 as untimely disclosed under Rule 26, arguing that the initial disclosures did not indicate any loss of household services or future medical damages would be sought at all, and that Defendant had based its discovery and expert strategy based on that presumption. The Magistrate Judge granted the motion, reasoning that Rule 26(a)(1) requires at least an estimate of damages that have not yet accrued, and that the fact a plaintiff is still in treatment does not obviate the requirement of a reasonable estimate.

Magistrate Judge Johnston once granted a similar sanction in a case with very similar facts. *See Baltodano v. Wal-mart Stores, Inc.*, No. 2:10-cv-2062, 2011 WL 3859724 (D. Nev. Aug. 31, 2011) (Johnston, M.J.).  That case also involved a slip-and-fall at a Wal-Mart store. *See id.* at *1.  There, the initial disclosure stated, "This amount shall include Plaintiff's lost wages, future and/or residual damages, and medical bills not yet received.  However Plaintiff reserves the right to supplement and/or amend this Computation of Damages as discovery is continuing," but the disclosure "did not contain any information or details about spinal fusion surgery." *Id.* The disclosure indicated a recommendation of spinal fusion but indicated the plaintiff would not undergo the procedure because of a recent heart attack. *See id.*  The defendant discovered during the deposition of the plaintiff's treating physician that the plaintiff would in fact undergo spinal fusion surgery, which would raise the damages estimate from about $57,000 to about $457,000. (*See id.* at *1–2).

The defendant moved to exclude those damages under Rule 37 for failure to timely disclose any estimate of them under Rule 26.  Judge Johnston found that there was no substantial justification for the plaintiff not to have disclosed an estimate of the costs of the spinal fusion surgery in the damages calculations, because the defendant had not had the opportunity to seek contrary evidence, such as an expert opinion. *Id.* at *2–3.  Judge Johnston rejected the argument that a medical authorization given to the defendant relieved the plaintiff of the affirmative duty of disclosure. *See id.* at * 4.  Judge Johnston found that the failure was not harmless, because the disclosure was not made sufficiently before the discovery cut-off date to allow the defendant the needed discovery. *See id.*  Specifically, the expert witness disclosure deadline had passed four days before the defendant discovered the undisclosed damages at the doctor's deposition. *See id.* It was therefore impossible for the defendant to have obtained an expert to rebut the damages related to the spinal surgery.  Judge Johnston found the appropriate sanction to be exclusion of

the undisclosed damages, because the only other way to remedy the prejudice of the loss of an opportunity to obtain a rebuttal expert as to the newly discovered damages would be to reopen discovery for additional expert reports, which would have prevented an expeditious resolution of the litigation and cluttered the court's docket. *See id.* at *5. Additionally, the defendant would incur additional litigation expenses made necessary by the failure to disclose.

Here, the discovery cut-off date was March 15, 2016. (*See* Sched. Order 2). The evidence submitted to the Magistrate Judge indicated that Plaintiff's counsel informed Defendant's counsel four months earlier on November 16, 2015 that Plaintiff intended to have spinal surgery and would be seeking damages based thereon, and that Plaintiff's counsel informed Defendant's counsel on December 7, 2015 that Plaintiff had had the surgery. The disclosure of the surgery costs was made in the December 18, 2015 supplemental disclosure, which was three months before the discovery cut-off date and two months before the rebuttal expert disclosure date.

The Magistrate Judge noted that a Plaintiff who is continuing to treat must estimate the ultimate damages figure in her initial disclosures. *See Montilla v. Wal-Mart Stores, Inc.*, No. 2:13-cv-2348, 2015 WL 5458781 (D. Nev. Sept. 16, 2015) (Ferenbach, M.J.) (collecting cases). In *Montilla*, the Magistrate Judge noted that Rule 26(e) permits a party to correct damages calculations to correct inaccuracies if she later learns of some material change but ruled that the plaintiff there had abused the rule by "leading the opposing party blindly into the future by revising her initial disclosures to her advantage after the initial-disclosure deadline expired," which "prevented Walmart from being able 'to prepare for trial or make an informed decision about settlement.'" *Id.* (quoting Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment).

In this case, however, the Court respectfully finds that the Magistrate Judge's ruling under Rule 37(c) was clearly erroneous. Here, the disputed disclosures were not made nearly as late as in *Montilla*. The Court accepts Plaintiff's argument that she did not know from her experts that she would require future medical care or household services until immediately before she made her Fifth Supplemental Disclosure on January 20, 2015. And to the extent she should have known this based on her knowledge of her spinal surgery, Defendant should also have known that those types of damages would be sought, and it knew of Plaintiff's spinal surgery four months before the discovery cut-off date. In summary, the Court finds that Plaintiff did not "fail[] to provide information or identify a witness as required by Rule 26(a) or (e)" under Rule 37(c)(1), because she made the relevant disclosures reasonably promptly under Rule 26(e). Even assuming a violation, in the spirit of Rule 1, Defendant's concerns over trial strategy could have been alleviated and the disclosure failure rendered harmless by extending discovery if necessary (and perhaps charging the cost to Plaintiff), options still available to the Magistrate Judge, as the injustice of excluding the vast majority of Plaintiff's claimed damages outweighs the additional time and cost, even if Defendant were made to bear it.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for the Court to Reconsider the Magistrate Judge's Order (ECF No. 89) is GRANTED.

IT IS SO ORDERED.

Dated this 7th day of September, 2016.

_____
ROBERT C. JONES
United States District Judge